IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELROY TOOMER,<br>　　　　Petitioner<br><br>v.<br><br>KIRSTJEN NIELSEN; JEFF<br>SESSIONS; SIMONA FLORES; and<br>CLAIR DOLL,<br>　　　　Respondents | No. 3:19cv740<br><br>(Judge Munley)<br>(Magistrate Judge Saporito) |

## ORDER

**AND NOW**, to wit, this 10th day of February 2020, we have before us for disposition Magistrate Judge Joseph F. Saporito Jr.'s report and recommendation, which proposes that Delroy Toomer's petition for a writ of habeas corpus be dismissed as moot.[1] (Doc. 9). Specifically, the report and recommendation states that the basis of the petitioner's detention has shifted from 28 U.S.C. § 1226 to 28 U.S.C. § 1231 during the pendency of this action, and that the challenge to his detention under § 1226 is thus rendered moot. See

---

[1] On December 17, 2019, the respondents filed a suggestion of mootness, (Doc. 7), which indicated that the petitioner's order of removal had become administratively final as of December 11, 2019. As such, the petitioner's basis for detention shifted from 8 U.S.C. § 1226, which governs the detention of aliens while a decision of removal remains pending, to 8 U.S.C. § 1231, which governs the detention of aliens after the entry of a final order of removal. On December 18, 2019, Magistrate Judge Saporito issued an order directing the petitioner to file a response to the respondents' suggestion of mootness. (Doc. 8). To date, the petitioner has not responded to the December 18, 2019 order.

Ufele v. Holder, 473 F. App'x 144, 146 (3d Cir. 2012) (dismissing the petitioner's habeas challenge under § 1226 as moot when the authority for his detention had switched to § 1231). No objections to the report and recommendation have been filed, and the time for such filing has passed. Therefore, in deciding whether to adopt the report and recommendation, we must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, we find neither a clear error on the face of the record nor a manifest injustice, and therefore, we shall adopt the report and recommendation. It is hereby **ORDERED** as follows:

1) The magistrate judge's report and recommendation (Doc. 9) is **ADOPTED**;
2) The petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED** as **MOOT**;
3) The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT

/s James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

2